## McMONEGAL v. FRITSCH LOAN & TRUST CO.

No. 4913.   Decided June 19, 1930.   (289 P. 91.)

For former opinon, see 75 U. 470, 286 P. 635.

*King & King,* of Salt Lake City, for appellant.

*Clarence Baird,* of Salt Lake City, for respondent.

HARRIS, District Judge.

Counsel have filed a lengthy motion for rehearing in the above matter, in which they vigorously assail the statement of the court in the opinion to the effect that "the plaintiff nowhere in her complaint, or at the trial, offered to return the property or to account for its rental value during the time she was in possession."

Our attention is now called to an amendment to the complaint which, among other matters, alleges:

"Plaintiff notified defendant that she elected to rescind her contract to purchase the said land and premises and right of way, and then and there demanded the return of all money paid on defendant's contract including the taxes paid on the said property and the money expended on improvements thereon, and endeavoring to help fix and establish the said right of way, and plaintiff then and there offered to surrender the said contract for the purchase of the said property, and the said property to the defendant, subject

to the lien thereon for the money so paid and expended as aforesaid.
\* \* \* "

It may be conceded that the writer of the opinion overlooked this amendment to the complaint, and it may be further conceded, although it is not necessary to here determine the question, and it is therefore not determined, that the above is a sufficient allegation of an offer to return the property, but, for the reasons stated in the opinion, it is not sufficient to permit plaintiff to recover the payments made. She has not offered to account for the rental value of the premises in her possession during the time she was in possession of the same.

Appellant again argues that her occupancy of the premises "had been fully paid, settled and discharged by the defendant's use of the plaintiff's moneys paid and expended by plaintiff." He now cites in support of this proposition *Ankeny* v. *Clark*, 1 Wash. 549, 20 P. 583; *Daly* v. *Bernstein*, 6 N. M. 380, 28 P. 764, 767; *Wright* v. *Dickinson*, 67 Mich. 580, 35 N. W. 164, 11 Am. St. Rep. 602; *Richardson* v. *McKinson* (Ky.) 12 Am. Dec. 313. None of these cases are controlling in the case at bar, for the reason that in each of them the full purchase price had been paid at the time of the sale and the court found that the interest on the purchase price so paid was fully equal to the rental value.

It should not be necessary here to repeat that during the 8½ years the plaintiff was in possession of this property she paid only a small portion of the principal and that the payments made were only slightly in excess of the rental value found by the court and were much less than the rental value and the general depreciation of the property during that time, which depreciation was not the result of any breach of warranty. It should be clear that, under the circumstances of this case, the use of such payments does not amount to a payment of the rents. It would seem that, where the payments and the rental value are substantially equal, then, if purchaser were allowed interest on the pay-

ments made, the vendor likewise should be entitled to interest on the rental value.

Counsel use up a lot of energy and space rearguing that the rental value of the property was less than found by the trial court. This matter was fully argued and determined at the former hearing, and we see no useful purpose in lengthening an opinion with a long recital of the evidence, but must content ourselves by repeating that the finding appears to be in accordance with the preponderance of the evidence.

The petition for rehearing is denied.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and FOLLAND, JJ., concur.

EPHRAIM HANSON, J., being disqualified, did not participate herein.